UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HELENE HUTT, On Behalf of Herself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br><br>MARTHA STEWART LIVING OMNIMEDIA, INC., CHARLES A. KOPPELMAN, CHARLOTTE BEERS, FRÉDÉRIC FEKKAI, LISA GERSH, ARLEN KANTARIAN, MICHAEL W. KRAMER, BILL ROSKIN, CLAUDIA SLACIK, TODD SLOTKIN, MARGARET M. SMYTH, MARTHA STEWART, and DANIEL E. WALKER,<br><br>                    Defendants, | No. 12 Civ. 3414 (TPG)<br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF HUTT'S
MOTION BY ORDER TO SHOW CAUSE
TO REMAND AND FOR ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1447(C)**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

FACTUAL BACKGROUND ................................................................................................... 4

ARGUMENT ............................................................................................................................ 5

I.    THE LEGAL STANDARDS GOVERNING REMOVAL AND REMAND .................... 5

II.    PLAINTIFF'S CLAIMS DO NOT ARISE UNDER AND DO NOT
REQUIRE INTERPRETATION OF FEDERAL LAW ....................................................... 6

III.    COSTS AND EXPENSES SHOULD BE AWARDED UNDER 28 U.S.C §1447(c) ....... 9

CONCLUSION ....................................................................................................................... 10

i

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Alessi v. Beracha*,
   244 F. Supp. 2d 354 (D. Del. 2003)..................................................................................8, 9

*Arnold v. Soc'y for Sav. Bancorp., Inc.*,
   650 A.2d 1270 (Del. 1994) .................................................................................................3, 6

*Blanchette v. Providence & Worcester Co.*,
   428 F. Supp. 347 (D. Del. 1977)...........................................................................................3

*Blockbuster, Inc. v. Galeno*,
   472 F.3d 53 (2d Cir. 2006)....................................................................................................5

*Broder v. Cablevision Sys. Corp.*,
   418 F.3d 187 (2d Cir. 2005)..................................................................................................6

*Deluca v. Tonawanda Coke Corp.*,
   No. 10-CV-859S, 2011 U.S. Dist. LEXIS 96110
   (S.D.N.Y. Aug. 26, 2011) .....................................................................................................7

*Empire Healthchoice Assurance, Inc. v. McVeigh*,
   547 U.S. 677 (2006)...............................................................................................................6

*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*,
   545 U.S. 308 (2005)......................................................................................................6, 7, 8

*Greenwich Fin. Servs. Distressed Mortg. Fund 3, LLC v. Countrywide Fin. Corp.*,
   654 F. Supp. 2d 192 (S.D.N.Y. 2009)..................................................................................7

*Indeck Maine Energy, L.L.C. v. ISO New Eng. Inc.*,
   167 F. Supp. 2d 675 (D. Del. 2001).................................................................................6, 7

*Kamen v. Kemper Fin. Servs., Inc.*,
   500 U.S. 90 (1991).................................................................................................................2

*Knee v. Brocade Commc'ns Sys. Inc.*,
   No. 1-12-CV-220249 (Santa Clara Super. Ct. Apr. 10, 2012)..................................................8

*M.B. Fin. Bank, N.A. v. 56 Walker, LLC*,
   No. 11 Civ. 5538 (JGK), 2011 U.S. Dist. LEXIS 145473
   (S.D.N.Y. Dec. 19, 2011) ......................................................................................................9

*Malone v. Brincat*,
   722 A.2d 5 (Del. 1998) ................................................................................................2, 6

*Marcus v. AT&T Corp.*,
   138 F.3d 46 (2d Cir. 1998) ................................................................................................6

*Maric Capital v. PLATO Learning*,
   No. 5402-VCS, 2010 Del. Ch. LEXIS 115
   (Del. Ch. May 13, 2010) ................................................................................................2, 7

*Merrell Dow Pharm. Inc. v. Thompson*,
   478 U.S. 804 (1986) ..........................................................................................................5

*Romano v. Kazacos*,
   609 F.3d 512 (2d Cir. 2010) .............................................................................................5

*Stroud v. Grace*,
   606 A.2d 75 (Del. 1992) ................................................................................................3, 6

*United Food & Commercial Workers Union v. Ctr. Mark Props. Meriden Square, Inc.*,
   30 F.3d 298 (2d Cir. 1994) ...............................................................................................5

*Zirn v. VLI Corp.*,
   681 A.2d 1050 (Del. 1996) ............................................................................................2, 6

**STATUTES**

15 U.S.C. § 78bb(f)(3)(A)(i) ...................................................................................................3, 8

26 U.S.C. § 6335(a) .......................................................................................................................7

28 U.S.C. § 1332(d)(9) ...............................................................................................................3, 8

28 U.S.C. § 1447(c) ........................................................................................................1, 4, 9, 10

Class Action Fairness Act ........................................................................................................3, 8

**OTHER AUTHORITIES**

S.D.N.Y.  Local Civil Rule 6.1 ....................................................................................................5

Securities Exchange Act §14(a) ...................................................................................................7

Plaintiff Helene Hutt ("Plaintiff"), by and through her undersigned counsel of record, hereby files this brief in support of her Motion By Order To Show Cause to Remand this matter to the Supreme Court of New York, County of New York, and for an Award of Attorneys' Fees pursuant to 28 U.S.C. § 1447(c).

## INTRODUCTION

Plaintiff[1] and other Martha Stewart Living shareholders will be irreparably harmed if they are forced to vote on May 23, 2012, on the potentially dilutive Proposal 2 without all material information. In a desperate attempt to avoid providing to shareholders the information they are required to as fiduciaries under Delaware law, Defendants are engaging in dilatory tactics to prevent Plaintiff's Delaware state law claims from ever being heard prior to the Shareholder Vote. Although Plaintiff filed her Complaint in the Supreme Court of New York on April 19, 2012, bringing claims under Delaware law for breach of fiduciary duty, and moved by order to show cause for expedited discovery and the scheduling of a preliminary injunction hearing[2] on April 23, 2012, Defendants waited until April 30, 2012 to file their Notice of Removal[3] – just two days before the hearing scheduled for May 2, 2012 on Plaintiff's Motion to Expedite and Schedule a Preliminary Injunction. Defendants' Notice of Removal makes no reference to Plaintiff's Motion to

---

[1] Plaintiff's Class Action Complaint styled as *Hutt v. Martha Stewart Living Omnimedia* (the "Complaint") and filed in the Supreme Court of New York, County of New York, on April 17, 2012, alleges that the directors (the "Board" or "Individual Defendants") of Martha Stewart Living Omnimedia, Inc. ("Martha Stewart Living" or the "Company"), a Delaware corporation, breached their fiduciary duty of disclosure under Delaware law to provide all material information regarding a proposal to issue an additional 4,557,272 shares of the Company's common stock ("Proposal 2") that has been submitted to a May 23, 2012 shareholder vote (the "Shareholder Vote").

A copy of the Complaint is attached as Exhibit A to the Declaration of Juan E. Monteverde in Support of Plaintiff Hutt's Motion By Order To Show Cause To Remand and for Attorneys' Fees Pursuant To 28 U.S.C. § 1447(C) (the "JEM Dec.").

[2] The "Motion to Expedite and Schedule a Preliminary Injunction." Copies of the papers Plaintiff filed in support of her Motion to Expedite and Schedule a Preliminary Injunction are attached as Exhibit B to the JEM Dec.

[3] A copy of Defendants' Notice of Removal is attached as Exhibit C to the JEM Dec.

1

Expedite and Schedule a Preliminary Injunction – evidently, they were prepared to file the Notice of Removal after being served with the Complaint, but waited to do so until April 30 simply to cause delay.[4]

Defendants improperly removed this action to federal court on the basis of the fatally flawed claim that the Court may exercise federal question jurisdiction.  This action concerns the conduct of Martha Stewart Living's Board and the fiduciary duties it owes to its shareholders under Delaware law.  In particular, and as indicated in Plaintiff's papers in support of her Motion to Expedite and Schedule a Preliminary Injunction[5], Plaintiff seeks to enjoin the Shareholder Vote because the Board has violated its fiduciary duty under Delaware law to disclose all material information regarding Proposal 2.[6]  Under Delaware law, a Board has a fiduciary duty to disclose material information when seeking shareholder action.  *See*, *e.g.*, *Maric Capital v. PLATO Learning*, No. 5402-VCS, 2010 Del. Ch. LEXIS 115, at *8–9 (Del. Ch. May 13, 2010) (enjoining shareholder vote, on basis of an alleged breach of Board's fiduciary duty of disclosure under Delaware law, until Board provided corrective disclosures in its proxy statement, including full disclosure of projections); *Zirn v. VLI Corp.,* 681 A.2d 1050, 1056 (Del. 1996).

As evidenced by the extensive body of Delaware and other court decisions analyzing the requirements entailed by a corporate board's fiduciary duty of disclosure under Delaware state law[7],

---

[4] The process server for Defendants' counsel also unnecessarily and aggressively personally served Plaintiff's counsel with the Notice of Removal by barging into his office while he was on a conference call, even though Plaintiff's counsel had already been served with a copy of those papers via email.

[5] JEM Dec., Ex. B, Motion to Expedite and Schedule a Preliminary Injunction Brief at 9, citing *Knee v. Brocade Commc'ns Sys. Inc.*, No. 1-12-CV-220249 (Santa Clara Super. Ct. Apr. 10, 2012) (applying Delaware law and enjoining shareholder vote to increase number of authorized shares until all material information is disclosed).

[6] Delaware law applies because the "internal affairs doctrine" requires the law of the state of incorporation to apply to lawsuits involving the internal affairs of a corporation. *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 108–09 (1991) (noting that matters involving corporate governance should be resolved according to the law of the state of incorporation).

[7] *See*, *e.g.*, *Malone v. Brincat*, 722 A.2d 5, 9 (Del. 1998) (Board is under a fiduciary duty to disclose material information to shareholders); *Zirn,* 681 A.2d at 1056 (noting that once

2

including when Boards make disclosures via proxy statements, Plaintiff's claims do not necessarily involve a question of federal law.  Contrary to the cases cited by Defendant, neither (1) the existence of the Board's fiduciary duties, (2) the Board's failure to provide adequate information to Martha Stewart Living's shareholders regarding Proposal 2, nor (3) the threat of irreparable injury to the Company's shareholders should they be forced to make an uninformed vote on Proposal 2 requires determination of a federal question to be established.  The federal securities laws are simply not at issue regarding Plaintiff's state law breach of fiduciary duty claims.

Moreover, Congress has made clear its intent that the federal courts should not assert federal question jurisdiction over class action claims relating to: (1) a corporation's internal affairs, (2) fiduciary obligations relating to securities, or (3) recommendations on matters submitted for a shareholder vote.  In particular, both the Securities Litigation Uniform Standards Act ("SLUSA") and the Class Action Fairness Act ("CAFA"), which provide federal subject matter jurisdiction for certain types of class actions, specifically carve out such state law-based actions – they may be maintained in state court, and cannot properly be removed to federal court.  *See* 15 U.S.C. § 78bb(f)(3)(A)(i); 28 U.S.C. § 1332(d)(9).

Indeed, courts only apply the artful pleading doctrine as an exception to the well-pleaded complaint rule in extremely narrow circumstances, and it cannot be applied here.  As there is no basis for this Court to exercise federal question jurisdiction over Plaintiff's state law breach of fiduciary duty claims, the Court should remand this case to the Supreme Court of New York, County of New York.

---

defendants travel down a road of partial disclosure they have a fiduciary obligation to provide stockholders with an accurate, full and fair characterization); *Stroud v. Grace*, 606 A.2d 75, 85 (Del. 1992) (noting that directors have duty of complete candor to disclose all information which a reasonable shareholder would consider important in deciding whether to sell or retain stock); *Arnold v. Soc'y for Sav. Bancorp., Inc.*, 650 A.2d 1270, 1277 (Del. 1994) ("directors of Delaware corporations are under a fiduciary duty to disclose fully and fairly all material information within the board's control when it seeks shareholder action."); *Blanchette v. Providence & Worcester Co.*, 428 F. Supp. 347, 354 (D. Del. 1977) ("[M]anagement has a heavy burden to insure that disclosure is complete and non-misleading, especially with respect to shareholders whose interests may differ from their own.")

Moreover, Plaintiff should be awarded her attorneys' fees under 28 U.S.C. §1447(c), which provides, in pertinent part, that any "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts interpreting such language have determined that an award of costs is appropriate where the bases for removal proffered by the removing party are improper. Accordingly, given that Defendants had not objectively reasonably basis for removing this Action to federal court, an award of just costs and expenses should be granted in favor of Plaintiff.

## FACTUAL BACKGROUND

Martha Stewart Living is a Delaware corporation headquartered in New York, New York. On April 9, 2012, Martha Stewart Living filed a Proxy Statement (the "Proxy")[8] informing shareholders of the May 23, 2012 Shareholder Vote on a number of proposals, including Proposal 2. In the Proxy, the Board recommends that the Company's shareholders approve Proposal 2, a proposed amendment to the Martha Stewart Living Omnimedia, Inc. Omnibus Stock and Option Compensation Plan to increase the number of shares reserved for issuance by 4,557,272 shares of Class A Common Stock. JEM Dec., ¶ 3.

Plaintiff filed her Complaint in the Supreme Court of New York, County of New York, on April 17, 2012. Plaintiff seeks to enjoin the Shareholder Vote on the ground that she and other Martha Stewart Living shareholders cannot make an informed vote on Proposal 2 without the following material information: (1) the equity grant projections that the Board considered to determine that issuing approximately 4.5 million additional shares is appropriate, (2) a summary of the expert analyses relied upon by the Board that were prepared by Frederic W. Cook & Co., Inc., the independent compensation consultant retained by the Board in connection with Proposal 2, and (3) the amount of potential dilution that current Martha Stewart Living shareholders would face as a result of Proposal 2. JEM Dec., ¶ 4.

---

[8] Exhibit B to the JEM Dec., Ex. A.

Plaintiff filed her Motion to Expedite and Schedule a Preliminary Injunction by order to show cause in the Supreme Court of New York, County of New York, on April 23, 2012, and the court set a hearing date on that motion for May 2, 2012.  JEM Dec., ¶ 5.

On April 30, 2012, Defendants filed the Notice of Removal.  JEM Dec., ¶ 6.

In order to reschedule in New York State court a hearing on her Motion to Expedite and Schedule a Preliminary Injunction sufficiently in advance of the May 23, 2012 Shareholder Vote, Plaintiff requires a decision by this Court on this motion to remand much sooner than would occur within the time frame set forth in Local Civil Rule 6.1 for motions on notice.  JEM Dec., ¶ 7.

## ARGUMENT

### I. THE LEGAL STANDARDS GOVERNING REMOVAL AND REMAND

In assessing a motion to remand, this Court must construe the removal statue narrowly and resolve all doubts as to the propriety of federal jurisdiction in favor of remand.  *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808–09 (1986) (noting the Congressional purpose calls for restricting the jurisdiction of the federal courts on removal).  The party seeking removal has the heavy burden of proving that original jurisdiction exists, the failure of which requires remand.  *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006); *United Food & Commercial Workers Union v. Ctr. Mark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

Under the well-pleaded complaint rule, federal question jurisdiction exists "only if 'plaintiff's statement of his own cause of action shows that it is based' on federal law."  *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010) (internal citations omitted).  The "plaintiff is the master of his complaint and is free to avoid federal jurisdiction by 'pleading only state law claims even where a federal claim is also available.'"  *Id*. (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998)).

The "artful pleading" doctrine, however, prevents a plaintiff "from avoiding removal by framing in terms of state law a complaint the real nature of [which] is federal, regardless of plaintiff's characterization, or by omitting to plead a necessary federal question in the complaint."

5

*Marcus*, 138 F.3d at 55.  Federal subject matter jurisdiction may thus exist where a state law claim (1) necessarily raises a stated federal issue, (2) actually disputed and substantial, and (3) "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, (2005)).  The Supreme Court has described this basis for federal subject matter jurisdiction as "special," "small," and "slim." *See Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699, 701 (2006).

## II.   PLAINTIFF'S CLAIMS DO NOT ARISE UNDER AND DO NOT REQUIRE INTERPRETATION OF FEDERAL LAW

Plaintiff's Complaint does not invoke federal securities laws, because her claims are for breach of the fiduciary duty of disclosure that is well-established under Delaware law.  *See*, *e.g.*, *Malone,* 722 A.2d at 9 (Board is under a fiduciary duty to disclose material information to shareholders); *Zirn*, 681 A.2d at 1056 (noting that once defendants travel down a road of partial disclosure they have a fiduciary obligation to provide stockholders with an accurate, full and fair characterization); *Stroud*, 606 A.2d at 85 (noting that directors have duty of complete candor to disclose all information which a reasonable shareholder would consider important in deciding whether to sell or retain stock); *Arnold,* 650 A.2d at 1277 ("directors of Delaware corporations are under a fiduciary duty to disclose fully and fairly all material information within the board's control when it seeks shareholder action.").

None of the cases cited by Defendants in the Notice support the claim that removal is warranted here for the simple reason that Plaintiff's claims do not "***necessarily*** raise a stated federal question"[9] and resolution of them does not "***necessarily*** turn on construction of federal law."[10]  In *Grable*, the United States Supreme Court found removal proper because the only contested issue in a state quiet-title action was whether Grable had received adequate notice of an International

---

[9] *Grabel & Sons Metal Prods., Inc.,* 545 U.S. 308 at 314 (emphasis added).

[10] *Indeck Maine Energy, L.L.C. v. ISO New Eng. Inc.,* 167 F. Supp. 2d 675, 690 (D. Del. 2001) (emphasis added).

Revenue Service tax sale pursuant to 26 U.S.C. § 6335(a) – in other words, the only issue was whether a federal agency had complied with federal regulations.  545 U.S. at 315.  Similarly, in *Indeck*, the plaintiff's claim for breach of contract required determining whether a remedy was warranted under the market rules approved by the Federal Energy Regulatory Commission.  167 F. Supp. 2d at 690.  By contrast, here Plaintiff can establish the insufficiency of the information regarding Proposal 2 provided to Martha Stewart Living's shareholders solely with reference to the requirements of Delaware's fiduciary duty of disclosure.  As just one of many examples, in *Maric Capital,* the Delaware Court of Chancery enjoined a shareholder vote, on the basis of an alleged breach of a Board's fiduciary duty of disclosure under Delaware law, until the Board provided corrective disclosures in its proxy statement, including disclosure of management's projections.  2010 Del. Ch. LEXIS 115, at *8–9.

In fact, courts in this District have declined to exercise federal question jurisdiction over state law claims where an interpretation of federal law is not ***necessary*** in order for plaintiffs to succeed on their claims.  *See*, *e.g.*, *Deluca v. Tonawanda Coke Corp.*, No. 10-CV-859S, 2011 U.S. Dist. LEXIS 96110, at *18 (S.D.N.Y. Aug. 26, 2011) ("none of the [state law] causes of action asserted by Plaintiffs ***necessarily*** depends on a determination that Defendants violated federal law.") (emphasis added); *Greenwich Fin. Servs. Distressed Mortg. Fund 3, LLC v. Countrywide Fin. Corp.*, 654 F. Supp. 2d 192, 200 (S.D.N.Y. 2009) (compiling cases in which courts within the Second Circuit had rejected attempts to apply *Grable* too broadly).

Defendants' entire argument that the Court has federal question jurisdiction is premised on the fact that Plaintiff describes the Proxy in the Complaint as "a Proxy Statement on Form Schedule 14A."  Notice, ¶¶ 6, 8, 10.  Therefore, Defendants argue, Plaintiff thereby "invoke[d] Rule 14a and Section 14(a) of the Securities Exchange Act"[11] and "Plaintiff thus asks the Court to determine Defendants' duties and obligations under the federal securities laws and regulations concerning proxy solicitations…."  Notice, ¶10.  However, the Complaint nowhere refers to those federal

---

[11] Notice, ¶ 6.

statutes, but rather specifically invokes the Board's "fiduciary duties of care, loyalty and good faith owed to the public shareholders" of Martha Stewart Living under Delaware law. Complaint, ¶ 39. Plaintiff's allegations that the Board failed to provide all material information regarding Proposal 2[12] can and should be assessed solely on the basis of Delaware law governing interactions between the Board and its shareholders. There is a substantial body of case law specifically interpreting a Board's fiduciary duty of disclosure to the company's shareholders under Delaware law – this case law defines what information is material and needs to be disclosed by a Board. For example, in a recent case dealing with facts identical to those present here, a California state court enjoined, on the basis of an alleged breach of fiduciary duty of disclosure under Delaware state law, a shareholder vote on a proposal to issue additional shares of the company until the Board disclosed the equity grant projections it had considered in recommending the proposal to shareholders. *See Knee v. Brocade Commc'ns Sys. Inc.*, No. 1-12-CV-220249 (Santa Clara Super. Ct. Apr. 10, 2012)[13]. No element of Plaintiff's breach of fiduciary duty claims requires interpreting Federal law requirements.

Moreover, permitting removal of this action to federal court would disturb a "congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Both SLUSA and CAFA, which provide federal subject matter jurisdiction for certain types of class actions, specifically carve out actions that relate to: (1) a corporation's internal affairs, (2) fiduciary obligations relating to securities, or (3) recommendations on matters submitted for a shareholder vote – such actions may be maintained in state court, and should not be removed to federal court. *See* 15 U.S.C. § 78bb(f)(3)(A)(i); 28 U.S.C. § 1332(d)(9). For example, in *Alessi v. Beracha*, 244 F. Supp. 2d 354 (D. Del. 2003), which also centered on allegations that a Proxy failed to disclose all material information, the Court determined, in ruling on Plaintiff's motion to remand, that the Delaware carve-out exception applied since *"the gravamen of the plaintiff's complaint*

---

[12] JEM Dec., Ex. A, Complaint, ¶ 27.

[13] Attached as Exhibit D to the JEM Dec.

*[was] the breach of Defendants' duty of disclosure.*" *Id.* at 359 (emphasis added).  The court also concluded that such action is "exactly the type of action Congress intended to exempt from the preemption provisions of SLUSA" and cited to the legislative history from the Senate Banking Committee discussing the Delaware carve-out exceptions, which it found instructive:

> **The SEC, as well as other commentators, also noted** *the need to exempt from the legislation shareholder-initiated litigation based on breach of fiduciary duty of disclosure, in connection with certain corporate action, that is found in the law of some states*, **most notably Delaware.**
>
> *The Committee is keenly aware of the importance of state corporate law, specifically those states that have laws that establish a fiduciary duty of disclosure.* ***It is not the intent of the Committee in adopting this legislation to interfere with state law regarding the duties and performance of an issuer's directors or officers in connection with a purchase or sale of securities by the issuer or an affiliate from current shareholders or communicating with existing shareholders with respect to voting their shares***, **acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.**

*Id*.  Indeed, Congress has made clear its intention that federal securities laws do not completely pre-empt state law breach of fiduciary duty claims involving securities.

Notwithstanding Defendants' attempt to rewrite Plaintiff's state-based claims as an Exchange Act claim, Plaintiff's well-plead complaint neither states a cause of action under a federal law nor do the state-law based claims require an interpretation of a substantial federal question.  Plaintiff's claims do not arise under federal law and the case should be remanded.

### III.   COSTS AND EXPENSES SHOULD BE AWARDED UNDER 28 U.S.C §1447(C)

28 U.S.C §1447(c) provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Such an award is appropriate and necessary because Defendants had no objectively reasonable basis to remove the case, but did so anyway to achieve a delay of the state court action.  *See M.B. Fin. Bank, N.A. v. 56 Walker, LLC*, No. 11 Civ. 5538 (JGK), 2011 U.S. Dist. LEXIS 145473 (S.D.N.Y. Dec. 19, 2011) (awarding attorneys' fees in the amount of $18,369 after defendants invoked the artful pleading doctrine and federal question jurisdiction without objectively reasonable basis and improperly removed case).

In this case, removal was plainly improper and without any objectively reasonable basis. In addition to Defendants' reasoning, the legal authority they cite in the Notice of Removal clearly does not support removal in this case. Accordingly, Plaintiff is entitled to an award of attorneys' fees.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this case to be remanded to the Supreme Court of New York, County of New York, and that Defendants be ordered to pay Plaintiff's just costs and actual expenses, including attorney fees, under 28 U.S.C. § 1447(c).

Dated: May 3, 2012

**FARUQI & FARUQI, LLP**

By: /s/ Juan E. Monteverde
Juan E. Monteverde
**FARUQI & FARUQI, LLP**
369 Lexington Ave., Tenth Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

*Attorneys for Plaintiff*