UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                               :

HELENE HUTT, On Behalf of Herself and All Others  :
Similarly Situated,                               :

                              :

                      Plaintiff,     :        12 Civ. 3414 (TPG) (MHD)

                              :

          - against -              :

                              :

MARTHA STEWART LIVING OMNIMEDIA,  :
INC., CHARLES A. KOPPELMAN,           :
CHARLOTTE BEERS, FRÉDÉRIC FEKKAI,  :
LISA GERSH, ARLEN KANTARIAN,        :
MICHAEL W. KRAMER, BILL ROSKIN,    :
CLAUDIA SLACIK, TODD SLOTKIN,       :
MARGARET M. SMYTH, MARTHA         :
STEWART, and DANIEL E. WALKER,     :

                              :

                    Defendants.    :

                              :

---------------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN
## OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

FRIEDMAN KAPLAN SEILER &
  ADELMAN LLP
7 Times Square
New York, NY  10036-6516
(212) 833-1100

May 8, 2012               *Attorneys for Defendants*

2690987.9

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS ..........................................................................................3

ARGUMENT .................................................................................................................6

I.      REMOVAL IS PROPER BECAUSE PLAINTIFF'S CLAIMS
        NECESSARILY RAISE A SUBSTANTIAL FEDERAL ISSUE......................................6

II.     PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES SHOULD BE DENIED,
        BECAUSE DEFENDANTS HAVE A REASONABLE BASIS FOR REMOVAL.........14

CONCLUSION.............................................................................................................16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<small>CASES</small>

*Deluca v. Tonawanda Coke Corp.*,
   No. 10-CV-859S,  2011 U.S. Dist. LEXIS 96110 (W.D.N.Y. Aug. 26, 2011) ...........10, 11, 14

*Fisher v. Kanas*,
   487 F. Supp. 2d 270 (E.D.N.Y. 2007) .............................................................................13, 14

*Fisher v. Kanas*,
   No. 07-2285-cv, 288 Fed. Appx. 721 (2d Cir. July 7, 2008)...................................................13

*Gamoran v. Neuberger Berman Mgmt., LLC*,
   No. 10 Civ. 6234, 2010 WL 4537056 (S.D.N.Y. Nov. 8, 2010) ..............................................7

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*,
   545 U.S. 308 (2005)...............................................................................................7, 10, 11, 12

*Greenwich Fin. Servs. Distressed Mortg. Fund 3, LLC v. Countrywide Fin. Corp.*,
   654 F. Supp. 2d 192 (S.D.N.Y. 2009)...............................................................................10, 11

*Gruss v. Curtis Publ'g Co.*,
   361 F. Supp. 58 (S.D.N.Y. 1973)............................................................................................8

*Indeck Maine Energy, L.L.C. v. ISO New England Inc.*,
   167 F. Supp. 2d 675 (D. Del. 2001)........................................................................................7

*J.I. Case Co. v. Borak*,
   377 U.S. 426 (1964)................................................................................................................8

*M.B. Fin. Bank, N.A. v. 56 Walker, LLC*,
   No. 11 Civ. 5538, 2011 U.S. Dist. LEXIS 145473 (S.D.N.Y. Dec. 19, 2011).................15, 16

*Malone v. Brincat*,
   722 A.2d 5 (Del. 1998) .........................................................................................................11

*Marcus v. AT&T Corp.*,
   138 F.3d 46 (2d Cir. 1998).....................................................................................................9

*Martin v. Franklin Capital Corp.*,
   546 U.S. 132 (2005).............................................................................................................14

*Merrill Lynch v. Dabit*,
   547 U.S. 71 (2006)...............................................................................................................13

Page(s)

*Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*,
    559 F.3d 772 (8th Cir. 2009) .........................................................................................7

*Staehr v. Western Capital Res., Inc.*,
    No. 10-1806, 2010 WL 4338652 (D. Minn. Sept. 24, 2010) (Noel, M.J.) ................2, 8, 9, 10

*Stroud v. Grace*,
    606 A.2d 75 (Del. 1992) ...............................................................................................11

*Sullivan v. Am. Airlines, Inc.*,
    424 F.3d 267 (2d Cir. 2005).........................................................................................7

**STATUTES AND REGULATIONS**

15 U.S.C. § 78.........................................................................................................................9

15 U.S.C. § 78n................................................................................................... *passim*

15 U.S.C. § 78aa......................................................................................................................8

15 U.S.C. § 78bb..............................................................................................................2, 12, 13

28 U.S.C. § 1331............................................................................................................1, 6, 15

28 U.S.C. § 1332....................................................................................................................12

28 U.S.C. § 1446....................................................................................................................15

17 C.F.R. § 240.01...................................................................................................................9

17 C.F.R. § 240.14a.........................................................................................................1, 8, 9

Defendants Martha Stewart Living Omnimedia, Inc. ("MSLO"), Charles A. Koppelman, Charlotte Beers, Frédéric Fekkai, Lisa Gersh, Arlen Kantarian, Michael W. Kramer, Bill Roskin, Claudia Slacik, Todd Slotkin, Margaret M. Smyth, Martha Stewart, and Daniel E. Walker (collectively, the "Individual Defendants," and, together with MSLO, the "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff Helene Hutt's ("Plaintiff") Motion by Order to Show Cause to Remand and for Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c) (the "Motion").

## PRELIMINARY STATEMENT

Defendants promptly and properly removed this action from state court on the ground that, although it purports to involve only state-law claims, those claims necessarily raise substantial and disputed issues of federal law, such that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff alleges that MSLO filed with the Securities and Exchange Commission ("SEC") a Proxy Statement on Form Schedule 14A (the "Proxy Statement") that is misleading and deficient in certain of its disclosures to MSLO's shareholders. There can be no serious dispute that the sufficiency of such disclosures is governed by the federal securities laws, specifically, Section 14(a) of the Securities Exchange Act of 1934 (the "'34 Act") and Rule 14a thereunder, or that the '34 Act grants the federal courts exclusive jurisdiction over claims under those laws.  Indeed, Plaintiff's Complaint alleges that MSLO's Proxy Statement contains "severe and material disclosure violations," (Compl. ¶ 3), and that the claims involve the "violation of applicable legal standards," (*id.* ¶ 5) – both obvious references to the "legal standards" for proxy statements, which are set forth in Section 14(a) and Rule 14a. Nevertheless, Plaintiff contends that this action does not involve any federal law issues, and that remand therefore is required.

Defendants' Notice of Removal cites *Staehr v. Western Capital Res., Inc.*, No. 10-1806, 2010 WL 4338652 (D. Minn. Sept. 24, 2010) (Noel, M.J.), *rept. and rec. adopted*, 2010 WL 4321542 (D. Minn. Oct. 26, 2010), which squarely addresses the very question here – namely, whether a case that asserts state-law claims that nevertheless involve alleged violations of the federal proxy rules and that has been duly removed should be remanded – and holds that remand is not proper in these circumstances.  Despite fair warning of this persuasive precedent, Plaintiff has nothing to say about it, and makes no effort to distinguish it or cite any other case directly on point.  Instead, Plaintiff cites cases having nothing to do with removal, and, in some cases, nothing at all to do with proxy statements, which do not assist the Court with the issue at hand.  Plaintiff also asks the Court to remand so as not to "disturb a 'congressionally approved balance of federal and state judicial responsibilities," but that balance clearly allocates regulation of the content of proxy statements to the SEC and the federal courts.  Indeed, the Securities Litigation Uniform Standards Act ("SLUSA"), which Plaintiff cites on this point, provides an additional basis for removal here.

Since this matter was properly removed to federal court, Plaintiff's request for costs and attorneys' fees must be denied.  Moreover, even if this Court decides to remand this action to state court, costs and attorneys' fees should be denied here because Defendants have demonstrated an objectively reasonable basis for removing this action and have done nothing that can fairly be described as an effort to delay this action or increase its costs.  To the contrary, and in contrast to Plaintiff's relatively leisurely approach to the case, Defendants have sought removal with all possible speed.

## STATEMENT OF FACTS

Plaintiff commenced this action by filing a summons and complaint in the Supreme Court of the State of New York on April 17, 2012. (*See* Compl.[1]) The action purports to be brought as a class action on behalf of shareholders of Martha Stewart Living Omnimedia, Inc. ("MSLO") for the purpose of enjoining a shareholder vote scheduled to be held at MSLO's annual general meeting of shareholders on May 23, 2012. (*Id.* ¶ 1.) Plaintiff's Complaint alleges that MSLO's proxy statement, filed with the SEC April 9, 2012 (the "Proxy Statement"), is "materially misleading and incomplete" with respect to one proposal. (*Id.* ¶¶ 2-5.) Specifically, the Complaint alleges that the Proxy Statement's Proposal 2, to amend MSLO's Omnibus Stock Option Compensation Plan (the "Stock Plan") to increase its reserve, "is not fully and accurately described" and the Proxy Statement "contains severe and material disclosure violations regarding the reasons for and effects of Proposal 2 and why it is in the best interest of shareholders." (*Id.* ¶¶ 3, 25, 27.)

Proposal 2 is a proposed amendment to the MSLO Stock Plan to increase the number of shares available for award by 4,557,272 shares of Class A Common Stock. (*Id.* ¶ 26.) As explained in the Proxy Statement, in March 2012, the MSLO Board's Compensation Committee recommended, and the full Board of Directors adopted, subject to stockholder approval, the amendment providing for the increase in order to give the MSLO the continued ability to grant stock awards to help attract and retain employees and compensate members of the Board. (*Id.*) The purpose of the Stock Plan is to link the interests of MSLO's officers, employees and directors to those of its stockholders and to provide participants with incentives

---

[1] The Complaint ("Complaint" or "Compl.") is attached as Exhibit A to the Declaration of Juan E. Monteverde ("Monteverde Decl.").

for outstanding performance.  (*Id*.)  The Stock Plan includes a number of restrictions, including

that "stock options and stock appreciation rights must be granted with an exercise price of at

least 100% of the fair market value on the date of grant" and repricing of the stock options and

stock appreciation rights is prohibited without shareholder approval.  (*Id*.)  The Board proposed

this amendment because although a total of 10,000,000 shares of Class A Common Stock were

originally available for issuance under the Stock Plan in 2008, as of March 28, 2012, the Stock

Plan had only approximately 1,442,728 shares of Class A Common Stock available for issuance.

(*Id*.)  Although the Proxy Statement states that the increase will only become effective "if

Proposal 2 is approved by the affirmative vote of a majority of the total voting power," the Proxy

Statement also makes clear to MSLO shareholders that Martha Stewart and J. C. Penney

Company, Inc. ("J. C. Penney"), who together hold over ninety percent of the MSLO voting

power, "control[] the vote on the stockholder matters being submitted to a vote at the Annual

Meeting," including Proposal 2.  (*See* Proxy Statement (Monteverde Decl. Ex. B) at 2, 17, 53,

54.)

           Plaintiff alleges that the Proxy Statement "is deficient in its disclosure" regarding

Proposal 2 in that it lacks seven items of information.  (Compl. ¶ 27.)  The Complaint also

alleges that Proposal 2 will have "dilutive effects" that are "dramatic" and "not disclosed to

shareholders."  (*Id*. ¶ 28.)

           Although Plaintiff goes to great lengths to frame her claims as being grounded in

state law, the Complaint directly challenges whether the Proxy Statement's disclosures comply

with the applicable federal law requirements for proxy statement disclosures.  In particular, the

Complaint alleges that:

> • "Proposal 2 is not fully and accurately described in the Proxy.  In fact, the
> Proxy contains *severe and material disclosure violations* regarding the

reasons for and effects of Proposal 2 and why it is in the best interest of shareholders." (*Id*. ¶ 3 (emphasis added);)

- "The dissemination of *a materially misleading and incomplete Proxy* in connection with the Shareholder Vote on Proposal 2 and the acts of the Individual Defendants … constitute a breach of Defendants' fiduciary duties to Plaintiff and the Class, *as well as a violation of applicable legal standards* governing Defendants herein." (*Id*. ¶ 5 (emphasis added);)

- "*The Proxy fails to disclose* the dilutive impact that issuing additional shares (up to 4,557,272 shares) may have on existing shareholders. It does not disclose the extent of dilution or the amount of planned additional stock repurchases." (*Id*. ¶ 27 (emphasis added);)

- "Not only is *the Proxy materially misleading and incomplete* for the reasons stated above, but the effects of Proposal 2 if approved are dramatic and merit full disclosure to Martha Stewart shareholders." (*Id*. ¶ 28 (emphasis added);) and

- "[T]he Individual Defendants have *failed to fully disclose* to Plaintiff and the Class all material information necessary to make an informed decision regarding the Proposal 2." (*Id*. ¶ 41 (emphasis added).)

Based on these allegations, Plaintiff asserts two claims, one against the Individual Defendants for "Breaches of Fiduciary Duties" and the other against MSLO for aiding and abetting such alleged breaches. (*Id*. ¶¶ 38-48.) Although the Complaint describes no conduct whatsoever by any of the Individual Defendants, Plaintiff alleges that they "are attempting to dilute the holdings of Plaintiff and other members of the Class in [MSLO] common stock without proper disclosure of the full impact of the dilution." (*Id*. ¶ 40.) In equally conclusory fashion, Plaintiff alleges that MSLO "knowingly aided and abetted the Individual Defendants' wrongdoing." (*Id*. ¶ 47.) Plaintiff demands as relief a declaration that "the Proxy [Statement] was issued in breach of the fiduciary duties of the Individual Defendants and is therefore unlawful," an order enjoining "Defendants from consummating the Shareholder Vote on Proposal 2, unless and until the Company provides adequate disclosure," an award of damages, and various costs and disbursements, including Plaintiff's legal fees. (*Id*. at 21.)

One week after filing the Complaint, on April 24, 2012, Plaintiff sought, and the New York County Supreme Court entered, an *ex parte* order directing Defendants to show cause why an order should not be made granting Plaintiff leave to obtain certain discovery, including directing Defendants to produce documents, and that the parties to appear for a case management conference for the purpose of scheduling depositions (the "Order to Show Cause").  (*See* Order to Show Cause (Monteverde Decl. Ex. B).)[2]  The Order to Show Cause required the submission of any opposition papers by May 1, and set a hearing for May 2.  (*Id.*)  In accordance with the Order to Show Cause, Plaintiff served the Order to Show Cause and its supporting papers upon Defendants by overnight FedEx for receipt on April 25, 2012.  (*Id.*)

Three business days later, on April 30, 2012, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1331.  (*See* Monteverde Decl. ¶ 8 & Ex. C.)  Anticipating Plaintiff's potential objection to removal, the Defendants' Notice of Removal does not simply recite the basis for removal, but instead explains it in significant detail, including citations to the applicable case law.  (Monteverde Decl. Ex. C.)  Three business days after Defendants' removal papers were filed, on May 3, 2012, Plaintiff moved by order to show cause to remand.

## ARGUMENT

### I.

### REMOVAL IS PROPER BECAUSE PLAINTIFF'S CLAIMS NECESSARILY RAISE A SUBSTANTIAL FEDERAL ISSUE

The federal District Courts have original subject matter jurisdiction over civil actions in which a federal question exists.  *See* 28 U.S.C. § 1331.  Even where a complaint does

---

[2] Contrary to Plaintiff's assertion that "Defendants' Notice of Removal makes no reference to Plaintiff's Motion to Expedite and Schedule a Preliminary Injunction" (Pl. Br. at 1-2), the Order to Show Cause was attached to the Notice of Removal.  (*See* Monteverde Decl. Ex. C.)

not expressly invoke federal law, the federal courts have subject matter jurisdiction if the complaint contains one or more claims that require the resolution of a federal question. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (federal question jurisdiction exists if a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial"); *see also Indeck Maine Energy, L.L.C. v. ISO New England Inc.*, 167 F. Supp. 2d 675, 690 (D. Del. 2001) (the "complaint arises under federal law because [plaintiff] has sought to present a challenge to a federally-approved tariff in the guise of a state contractual claim."). Indeed, a plaintiff may not defeat federal question jurisdiction merely by "artful pleading" by avoiding explicit references to otherwise relevant federal law. *See Gamoran v. Neuberger Berman Mgmt., LLC*, No. 10 Civ. 6234, 2010 WL 4537056, at *2-3 (S.D.N.Y. Nov. 8, 2010) ("Plaintiffs may not 'use artful pleading to close off defendant's right to a federal forum'" and plaintiff's common law waste claim had a "necessary and dispositive federal element" – specifically, a violation of the Illegal Gambling Business Act of 1970, 18 U.S.C. § 1955(a) – sufficient to establish federal jurisdiction) (citations omitted); *see also Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009) (where plaintiff pleaded only state law claims, federal court had jurisdiction because allegations directly implicated actions taken by SEC); *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005) ("a plaintiff may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law"); *Indeck*, 167 F. Supp. 2d at 690 (denying remand where plaintiffs' breach of contract claims actually were challenges to federal tariff rules; "artful pleading doctrine does not permit litigants to 'frustrate a defendant's right of removal by carefully pleading the case without reference to any federal law'").

The content of proxy statements filed with the SEC is indisputably a matter of federal law, specifically, Section 14(a) of the Securities Exchange Act of 1934 and the SEC regulations thereunder.  15 U.S.C. § 78n.  "The purpose of § 14(a) is to prevent management or others from obtaining authorization for corporate action by means of deceptive or inadequate disclosure in proxy solicitation."  *J.I. Case Co. v. Borak*, 377 U.S. 426, 431 (1964).  The federal courts have exclusive jurisdiction over all lawsuits to enforce "any liability or duty created" by Section 14(a) or the SEC regulations thereunder.  *See* 15 U.S.C. § 78aa; *see also Staehr*, 2010 WL 4338652 at *2 ("The Securities Exchange Act of 1934 ('Exchange Act'), mandates exclusive federal jurisdiction over securities violations."); *Gruss v. Curtis Publ'g Co.*, 361 F. Supp. 58, 58 (S.D.N.Y. 1973) (as to claims based on "Section 14(a) and 27 of the Securities Exchange Act of 1934, and the rules thereunder, particularly Rule 14(a) (17 C.F.R. 240.14a-101), … our jurisdiction is exclusive and plenary").

*Staehr v. Western Capital*, which Defendants cited in their Notice of Removal but which Plaintiff neither mentions nor distinguishes, is directly on point here.  In *Staehr*, two individual shareholders of defendant Western Capital filed a complaint in Minnesota state court alleging that the company's directors had breached their fiduciary duties, and the company itself had aided and abetted such breaches, by pursuing a sale of Western Capital stock by means of an inadequate proxy statement.  *Staehr*, 2010 WL 4338652 at *1.  The plaintiffs sought, *inter alia*, a judicial determination of the defendants' obligations to the plaintiffs and other shareholders of Western Capital, including "such rights, duties, and obligations related to the Proxy Statement" that the company had filed with the SEC in connection with the proposed sale.  *Id*.  The defendants removed the action to federal court, and the plaintiffs moved to remand it to state court.  *Id*.  In denying the remand motion, the court noted that the plaintiffs "emphasize[d] the

8

inadequacy of the Proxy Statement throughout their complaint [and alleged] that the Proxy Statement, filed by Western Capital with the [SEC], as well as the Stock Purchase and Sale Agreement Statement 'suffer from numerous material deficiencies, which have prevented shareholders and prospective bidders alike from determining Western Capital's preferred stock's true value.'" *Id.* As the court recognized, "Section 14(a) of the Exchange Act authorizes the SEC to regulate the contents of proxy solicitations," as was effectuated in Regulation 14a-9, and "federal courts have the power to decide certain state law claims involved in cases raising federal questions." *Id*. at *2 (citing 15 U.S.C. § 78n(a) and 17 C.F.R. § 240.14a-9(a)).  Thus, the court found that removal was proper:

> Plaintiffs' complaint "raises issues of federal law" because Defendants' duties and obligations with respect to proxy solicitations are governed by federal law.  *See* 15 U.S.C. §§ 78, *et seq.*; *see also* 17 C.F.R. §§ 240.01, *et seq*. Although the complaint does not expressly allege a violation of any specific federal statute or SEC rule related to the Proxy Statement, removal is appropriate because it is clear from the face of the complaint that the *adequacy of the proxy materials, a matter governed by federal law, is a central issue in the instant case*. The claims asserted require the resolution of a federal question: whether Defendants' proxy solicitations were materially misleading. Additionally, since proxy solicitations are governed by Section 14(a) of the Exchange Act, a determination of Defendants' duties and obligations with respect to the Proxy Statement (sought in the declaratory judgment count) *inherently requires the construction and application of federal law*.

*Id*. at *3 (emphasis added).[3]

---

[3] Similarly, in *Marcus v. AT&T Corp.*, 138 F.3d 46 (2d Cir. 1998), cited by Plaintiff here, the plaintiff had asserted a claim for breach of warranty, which was "presented in the complaint as a state law claim," and sought to enforce agreements between a telephone company and its customers.  *Id*. at 55-56.  The Second Circuit recognized however, that the "legal relationship between [the telephone company] and its customers is defined by" tariffs that must be filed in accordance with federal law.  *Id*. at 56.  Thus, the Court denied the plaintiff's remand motion, finding that "the breach of warranty claim necessarily raises a substantial federal question over which federal courts may properly exercise jurisdiction."  *Id*.

Just as in *Staehr*, Plaintiff's claims here inherently and necessarily raise a substantial federal question over which this Court has *exclusive* jurisdiction. Like the plaintiffs in *Staehr*, Plaintiff here alleges that Defendants breached their fiduciary duties by filing with the SEC an inadequate Proxy Statement that fails to disclose information that would allow the shareholders to make a fully informed decision about how to vote on Proposal 2. (Compl. ¶¶ 5, 27, 41.) Moreover, also as in *Staehr*, Plaintiff's claims require the Court to determine whether MSLO's Proxy Statement was materially misleading, which is governed by the standards set forth in Section 14(a) and the SEC regulations thereunder. Indeed, read carefully, Plaintiff's Complaint concedes this with its references to "severe and material disclosure violations," (*id.* ¶ 3), and the "violation of applicable legal standards," (*id.* ¶ 5), both of which clearly depend on alleged violations of Section 14(a) – the "applicable legal standards" for proxy statements.

Plaintiff's argument that courts have declined to exercise federal question jurisdiction where an interpretation of federal law is not necessary, (Pl. Br. at 7), fails because Plaintiff's claims require the interpretation and application of the federal securities laws. The cases Plaintiff cites, neither of which involved proxy statements, are readily distinguishable. In *Deluca v. Tonawanda Coke Corp.*, No. 10-CV-859S, 2011 U.S. Dist. LEXIS 96110, at *23 (W.D.N.Y. Aug. 26, 2011), nine out of ten of the plaintiff's claims turned "entirely on questions of state law." *Id.* at *8-9, 15. With respect to the claim of negligence *per se*, the court found that it could be predicated on a violation of either state or federal law, and thus, a fact finder could find for plaintiff "without determining whether Defendants violated federal law." *Id.* at *16. In *Greenwich Financial Services Distressed Mortgage Fund 3, LLC v. Countrywide Financial Corp.*, 654 F. Supp. 2d 192 (S.D.N.Y. 2009), the court distinguished *Grable* on the basis that had the defendant in *Grable* "never removed the case to federal court and never mentioned the

federal statute at issue, the plaintiff would still have required a favorable interpretation of federal law to succeed on its quiet title claim.  In contrast, if defendants had never raised [the Truth-in-Lending Act] as an issue in this case, plaintiffs would not have required an interpretation of federal law in order to succeed on their claims."  *Id.* at 202.  As in *Grable*, and unlike in *Deluca* and *Greenwich Financial*, Plaintiff here does require a favorable interpretation of Section 14(a) in order to succeed on her claims based on inadequate disclosures in the Proxy Statement.

Plaintiff cites several Delaware state and federal court cases for the proposition that Delaware law recognizes a claim for breach of the fiduciary duty of disclosure in connection with a proxy statement, and argues from these that this Court cannot exercise jurisdiction here. (*See* Pl. Br. at 2-3, 6 & n.7.)  But none of those cases involved removal, and they therefore provide no guidance on whether removal is appropriate here, where a case challenging a proxy statement's disclosures that clearly presents a bona fide federal question and has been properly and timely removed must be remanded.  Moreover, *Stroud v. Grace*, 606 A.2d 75 (Del. 1992), is irrelevant because it involved a closely held corporation that was "not registered under the Securities Act of 1933 or subject to the proxy requirements of the Securities Exchange Act of 1934" and thus was "exempted from the federal statutes, rules and regulations governing disclosures in proxy materials."  *Id.* at 86.  Equally irrelevant here is *Malone v. Brincat*, 722 A.2d 5 (Del. 1998), which did not involve a challenge to a proxy statement based on a duty of disclosure in the context of a proposal for shareholder action, but rather allegations of misrepresentations of a company's financial condition in SEC filings generally.  *See id.* at 8, 10-11.

Plaintiff also asserts that this Court's exercise of jurisdiction over this action would "disturb a 'congressionally approved balance of federal and state judicial

responsibilities.'"  (Pl. Br. at 8 (citing *Grable*, 545 U.S. at 314).)  To the contrary, the exercise of

federal jurisdiction over this action, which requires the application of Section 14(a) to the Proxy

Statement filed with the SEC, is entirely consistent with the allocation of jurisdiction over most

securities-law matters – including regulation of the content of proxy statements – to the federal

government rather than the states.  In support of its contention otherwise, Plaintiff cites SLUSA

and the Class Action Fairness Act ("CAFA"), but Defendants did not remove this Action

pursuant to either of those statutes.  Moreover, CAFA applies solely to diversity jurisdiction, not

federal question jurisdiction.  *See* 28 U.S.C. § 1332(d).  There is no basis – and Plaintiff cites

none – for concluding that the exclusions applicable to SLUSA or CAFA abrogated federal

question jurisdiction, much less that either statute purported to repeal the longstanding statutory

grant of exclusive federal jurisdiction over Section 14(a) claims.

   Although Defendants have removed this action based on garden-variety federal-

question jurisdiction, the Court nevertheless could conclude that the action also is removable

pursuant to SLUSA.  SLUSA provides for the removal to federal court of any "covered class

action[4] based upon the statutory or common law of any State or subdivision thereof" in which a

private plaintiff alleges "a misrepresentation or omission of a material fact" or "that the

defendant used or employed any manipulative or deceptive device or contrivance," in either case

---

  [4] SLUSA defines "covered class action" to include a single lawsuit in which "damages are
sought on behalf of more than 50 persons or prospective class members, and questions of law or
fact common to those persons or members of the prospective class, without reference to issues of
individualized reliance on an alleged misstatement or omission, predominate over any questions
affecting only individual persons or members."  15 U.S.C. § 78bb(f)(5)(B).  This action is a
"covered class action" because (i) Plaintiff seeks damages on behalf of herself and a prospective
class of other similarly situated holders of MSLO common stock, and Plaintiff alleges that
questions of law and fact common to the members of the class predominate over any questions
affecting only individual persons or members; and (ii) damages are sought on behalf of more
than 50 persons or prospective class members.  (*See* Compl. ¶¶ 30-37.)

"in connection with the purchase or sale of a covered security."  15 U.S.C. § 78bb(f)(1).  "If a state class action satisfies all the SLUSA criteria, the defendant may remove it to federal district court."  *Fisher v. Kanas*, 487 F. Supp. 2d 270, 276 (E.D.N.Y. 2007), *aff'd*, No. 07-2285-cv, 288 Fed. Appx. 721 (2d Cir. July 7, 2008).

   This action, which is expressly brought as a class action, is clearly a "covered class action" for SLUSA purposes, and MSLO shares are clearly a "covered security."  Although Plaintiff has not expressly alleged that the action is "in connection with the purchase or sale of a covered security," that must, as a matter of logic be the case.  As disclosed in the Proxy Statement, Plaintiff and the absent class members lack sufficient voting shares to affect the outcome of the shareholder vote on Proposal 2.  Thus, the only possible action they could take based on the Proxy Statement's disclosures regarding Proposal 2 would be to retain[5] or sell their MSLO shares.  As such, the Complaint satisfies the requirements of SLUSA.

   Importantly, if the Court were to conclude that SLUSA applied, that statute's so-called "Delaware carve-out" would *not* preclude removal here.  That exception provides that an action otherwise subject to removal pursuant to SLUSA "may be maintained in State or Federal court by a private party" if it "is based on the statutory or common law of the State in which the issuer is incorporated" and it involves a misrepresentation "with respect to" a sale of the issuer's securities.[6]  *See* 15 U.S.C. § 78bb(f)(3)(A).  Here, Proposal 2 does not involve a proposed or

---

[5] SLUSA applies to "holder" claims, as well as claims of shareholders that have purchased or sold securities.  *See Fisher*, 487 F. Supp. 2d at 277 (citing *Merrill Lynch v. Dabit*, 547 U.S. 71 (2006)).

[6] The terminology in this exception covers a narrower set of circumstances than the "in connection with" language of the general provisions of SLUSA, which "does not require that the defendants make a misrepresentation directly regarding the sale of stock."  *Fisher*, 487 F. Supp. 2d at 280.

actual purchase or sale of securities by MSLO, and the exception therefore does not apply.  *See Fisher*, 487 F. Supp. 2d at 280 (rejecting application of Delaware carve-out, and noting that "it is undisputed that this case does not involve a communication directly discussing the sale of securities").

## II.

### PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES SHOULD BE DENIED, BECAUSE DEFENDANTS HAVE A REASONABLE BASIS FOR REMOVAL

As one of the cases cited by Plaintiff notes, a court is permitted to award attorneys' fees associated with a defendant's removal to federal court "only 'where the removing party lacked an objectively reasonable basis for seeking removal.'"  *Deluca*, 2011 U.S. Dist. LEXIS 96110, at *23 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Contrary to Plaintiff's suggestion, however, the mere granting of a remand motion is not sufficient to warrant an award of attorney's fees against a defendant.  Rather, "[i]n considering whether to award attorneys' fees, a court 'should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'"  *Id.* (quoting *Martin*, 546 U.S. at 141).  Although the court in *Deluca*, cited by Plaintiff (Pl. Br. at 7), remanded the action to state court, it declined to award attorneys' fees because "Defendants' argued basis for federal subject matter jurisdiction, while unpersuasive, [wa]s not wholly unreasonable," and there was no evidence that "Defendants sought to remove the case solely to delay the proceedings or impose litigation costs on Plaintiffs."  *Id.* at *23-24.

Here, Plaintiff's request for costs and attorneys' fees should be denied because, as explained above, this matter was properly removed to federal court.  Moreover, even if this Court

were to conclude that remand is appropriate, Plaintiff's request for attorneys' fees should be denied, because Defendants have an objectively reasonable basis for removing this action and there can be no basis for asserting that they have removed solely to delay the proceedings or increase the cost to Plaintiff.  Indeed, although Plaintiff argues that Defendants removed this action as a delay tactic, the facts indicate to the contrary.  Although Plaintiff filed the Complaint on April 17, 2012 (Monteverde Decl. ¶ 4), to date she has not moved for a preliminary injunction or a temporary restraining order despite the purported urgency of relief.  Instead, Plaintiff waited one week after filing the Complaint to even seek an *ex parte* Order to Show Cause granting Plaintiff leave to obtain certain discovery.  (Monteverde Decl. Ex. B.)  In contrast, although Defendants had until May 17, 2012 – thirty days after service of the Complaint – in which to timely remove the action to this Court pursuant to 28 U.S.C. § 1446, they removed the action pursuant to 28 U.S.C. § 1331 on April 30, just three business days after being served with the Order to Show Cause and its supporting papers.  (*See* Monteverde Decl. ¶ 8 & Ex. B, C.)  Thus, any purported delay in this action is attributable solely to the pace set by Plaintiff, rather than any conduct by Defendants.

Plaintiff cites a single case, *M.B. Financial Bank, N.A. v. 56 Walker, LLC*, No. 11 Civ. 5538, 2011 U.S. Dist. LEXIS 145473 (S.D.N.Y. Dec. 19, 2011) (citations omitted), in support of her request for attorney's fees.  (Pl. Br. 9.)  But even that case recognized that "when an objectively reasonable basis exists, fees should be denied."  *Id*. at *4.  Moreover, *M.B. Financial* presented a situation of abusive and delayed removal that cannot faithfully be likened to Defendants' removal here.  In *M.B. Financial*, the District Court held that it did not have jurisdiction over a mortgage foreclosure action, because the only federal issues presented were federal law defenses.  *Id*. at *5-7.  There also were serious procedural defects in the removal –

not all of the defendants had consented and the removal was untimely – "which rendered the

removal of the action objectively unreasonable," and the removing defendants ultimately

consented to the remand.  *Id*. at *3, 7-9.  Here, Plaintiff's claims themselves, not Defendants'

defenses, necessarily require application and construction of Section 14(a) of the Act.  Moreover,

unlike in *M.B. Financial*, Defendants' removal here is procedurally proper.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that Plaintiff's

motion to remand and for attorneys' fees be denied in its entirety, along with such other and

further relief the Court deems just and proper.

Dated:   New York, New York
May 8, 2012

Respectfully submitted,

FRIEDMAN KAPLAN SEILER &
ADELMAN LLP


/s/ Anne E. Beaumont
Eric Seiler
Anne E. Beaumont (abeaumont@fklaw.com)
Steven E. Frankel
7 Times Square
New York, NY 10036-6516
(212) 833-1100

*Attorneys for Defendants*